Filed 10/18/21  P. v. Vera-Cantera CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALEX ISAIAH VERA-CANTERA,<br><br>Defendant and Appellant. | C093256<br><br>(Super. Ct. No. CRF20-2207) |

Appointed counsel for defendant Alex Isaiah Vera-Cantera has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

FACTUAL AND PROCEDURAL BACKGROUND

In October 2020, defendant started a small grass fire in the center median of a local highway.  The fire spread 15 to 20 feet, but officers were able to put it out.  Officers

1

found three cigarette lighters when they searched defendant at the scene. Defendant told officers he did not start the fire. When defendant arrived at the jail, a methamphetamine pipe fell out of his rolled-up pant leg. Defendant denied the pipe was his. Defendant was charged with arson of forest land (Pen. Code, § 451, subd. (c); count I)[1] and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364; count II).

In November 2020, defendant pleaded no contest to the arson charge. The remaining count was dismissed, per the parties' agreement.

Later that month, the trial court sentenced defendant to four years in prison, per the parties' agreement. It also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation restitution fine (suspended unless parole is revoked) (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 conviction assessment (Gov. Code, § 70373).

Defendant did not obtain a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

---

[1]     Undesignated statutory references are to the Penal Code.

DISPOSITION

The judgment is affirmed.

      KRAUSE      , J.

We concur:

      HULL      , Acting P. J.

      ROBIE      , J.